

FILED
2013 MAY -9 A 11: 43
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT

STUART F. DELERY
Acting Assistant Attorney General
MAAME EWUSI-MENSAH FRIMPONG
Deputy Assistant Attorney General
MICHAEL S. BLUME
Director, Consumer Protection Branch
RICHARD GOLDBERG
Assistant Director, Consumer Protection Branch
U.S. Department of Justice
450 Fifth Street, NW, Suite 6400 South
Washington, D.C. 20001
PHONE: 202-307-2532
FAX: 202-514-8742
Richard.Goldberg@usdoj.gov

Attorneys for the United States of America

DMR

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiffs,<br>v.<br>SKYY CONSULTING, INC., also d/b/a CallFire, a California corporation,<br>Defendant. | Case No. CV 13 2136<br><br>**COMPLAINT FOR CIVIL PENALTIES, PERMANENT INJUNCTION, AND OTHER RELIEF** |

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or "Commission"), pursuant to Section 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 56(a)(1), for its complaint alleges:

1. Plaintiff brings this action under Sections 5(a), 5(m)(1)(A), 13(b), and 16(a) of the FTC Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and 56(a), and Section 6 of the Telemarketing and Consumer Fraud and Abuse Prevention Act (the "Telemarketing Act"), 15 U.S.C. § 6105, to obtain monetary civil penalties, a permanent injunction, and other equitable relief for Defendant's violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's Telemarketing Sales Rule (the "TSR" or "Rule"), as amended, 16 C.F.R. Part 310 (2011).

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and 15 U.S.C. § 45(m)(1)(A), 53(b), and 56(a). This action arises under 15 U.S.C. § 45(a).

3. Venue is proper in this District under 28 U.S.C. § 1391(b)-(c) and 1395(a), and 15 U.S.C. § 53(b). Defendants reside in and transact business in this District.

**INTRADISTRICT ASSIGNMENT**

4. Defendant has advertised its services in the County of San Francisco.

**DEFENDANT**

5. Defendant Skyy Consulting, Inc., also d/b/a CallFire ("CallFire"), is a for-profit California corporation with its principal place of business in Santa Monica, California. CallFire regularly conducts business using the domain name CallFire.com.

6. At all times relevant to this complaint, Defendant has maintained a substantial course of trade or business in marketing goods or services via the telephone, in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

**THE TELEMARKETING SALES RULE AND THE NATIONAL DO NOT CALL REGISTRY**

7. The Commission is an independent agency of the United States Government created by statute. 15 U.S.C. §§ 41 58. The Commission enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce. The Commission also enforces the Telemarketing Act, 15 U.S.C. §§ 6101-6108. Pursuant to the

Telemarketing Act, the Commission promulgated and enforces the TSR, 16 C.F.R. Part 310, which prohibits deceptive and abusive telemarketing acts or practices.

8. Congress directed the Commission to prescribe rules prohibiting abusive and deceptive telemarketing acts or practices pursuant to the Telemarketing Act, 15 U.S.C. §§ 6101-6108. The Commission adopted the original TSR in 1995, extensively amended it in 2003, and amended certain provisions thereafter. 16 C.F.R. Part 310.

9. Among other things, the 2003 amendments to the TSR established a do-not-call registry, maintained by the Commission (the "National Do Not Call Registry" or "Registry"), of consumers who do not wish to receive certain types of telemarketing calls. Consumers can register their telephone numbers on the Registry without charge either through a toll-free telephone call or over the Internet at donotcall.gov.

10. Consumers who receive telemarketing calls to their registered numbers can complain of Registry violations the same way they registered, through a toll-free telephone call or over the Internet at donotcall.gov, or by otherwise contacting law enforcement authorities.

11. The FTC allows sellers, telemarketers, and other permitted organizations to access the Registry over the Internet at telemarketing.donotcall.gov, to pay the fee(s) if required, and to download the numbers not to call.

12. Under the TSR, a "telemarketer" means any person who, in connection with telemarketing, initiates or receives telephone calls to or from a customer or donor. 16 C.F.R. § 310.2(cc). A "seller" means any person who, in connection with a telemarketing transaction, provides, offers to provide, or arranges for others to provide goods or services to the customer in exchange for consideration. Id. § 301.2(aa).

13. Under the TSR, an "outbound telephone call" means a telephone call initiated by a telemarketer to induce the purchase of goods or services or to solicit a charitable contribution. 16 C.F.R. 310.2(v).

14. It is a violation of the TSR for any person to provide substantial assistance or

support to any seller or telemarketer when that person knows or consciously avoids knowing that the seller or telemarketer is engaged in any act or practice that violates Sections 310.3(a), (c) or (d), or 310.4 of the TSR. 16 C.F.R. § 310.3(b).

15. The TSR prohibits sellers and telemarketers from initiating an outbound telephone call to numbers on the Registry. 16 C.F.R. § 310.4(b)(1)(iii)(B).

16. The TSR prohibits sellers and telemarketers from abandoning any outbound telephone call. A telephone call is considered "abandoned" if a person answers it and the telemarketer who initiated the call does not connect the call to a sales representative within two (2) seconds of the person's completed greeting. 16 C.F.R. § 310.4(b)(1)(iv). A telemarketer violates this prohibition on abandoning calls if it plays a prerecorded message when a person answers rather than connecting the recipient of the call to a live sales representative within two (2) seconds of the recipient's completed greeting.

17. As amended, effective September 1, 2009, the TSR prohibits initiating a telephone call that delivers a prerecorded message to induce the purchase of any good or service unless the seller has obtained from the recipient of the call an express agreement, in writing, that evidences the willingness of the recipient of the call to receive calls that deliver prerecorded messages by or on behalf of a specific seller. The express agreement must include the recipient's telephone number and signature, must be obtained after a clear and conspicuous disclosure that the purpose of the agreement is to authorize the seller to place prerecorded calls to such person, and must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service. 16 C.F.R. § 310.4(b)(1)(v)(A).

18. The TSR requires that telemarketers disclose in an outbound telephone call, including any outbound telephone call that delivers a prerecorded message, the following information:

a. The identity of the seller;

b. That the purpose of the call is to sell goods or services; and

c. The nature of the goods or services.

The telemarketer must disclose this information truthfully, promptly, and in a clear and conspicuous manner. 16 C.F.R. §§ 310.4(b)(1)(v)(B)(ii), 310.4(d).

19. The TSR requires that sellers and telemarketers transmit or cause to be transmitted the telephone number of the telemarketer and, when made available by the telemarketer's carrier, the name of the telemarketer, to any caller identification service in use by a recipient of a telemarketing call, or transmit the customer service number of the seller on whose behalf the call is made and, when made available by the telemarketer's seller, the name of the seller. 16 C.F.R. § 310.4(a)(8).

20. Pursuant to Section 3(c) of the Telemarketing Act, 15 U.S.C. § 6102(c), and Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), a violation of the TSR constitutes an unfair or deceptive act or practice in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## DEFENDANT'S BUSINESS PRACTICES

### *1. CallFire's Voice Broadcasting Services*

21. CallFire markets voice broadcasting services that use, or allow its clients to use, computers and automated dialers to deliver prerecorded messages through telephone calls.

22. The voice broadcasting services sold by CallFire use automated dialers to place calls to a database of numbers. When the calls are answered, the voice broadcasting equipment uses a computerized protocol to detect whether the call has been answered by a live person, or by an answering machine or voice mail system, and to determine when the prerecorded message should be played.

23. CallFire's clients authorize CallFire to distribute or broadcast prerecorded messages on the clients' behalf. To deliver messages for its voice broadcasting clients, CallFire purchases the rights to use the software, computers, telecommunications services, or automated dialers needed to make telephone calls and deliver prerecorded messages from multiple providers.

24. CallFire has the ability to simultaneously make thousands of telephone calls that deliver prerecorded messages.

25. CallFire offers and provides clients with training on how to select the telephone numbers, prerecorded messages, and period during which CallFire's service will broadcast the client's message.

26. When making a telephone call, CallFire's voice broadcasting services transmit a calling party number that is displayed by the call recipients' caller identification services. CallFire offers and provides clients with the ability to control the calling party number delivered to such caller identification services in these telephone calls, and the ability to specify a calling party name displayed to recipients of these calls by caller identification services. CallFire is aware of, or has the ability to determine, the name of the calling party that is displayed to the recipients of telephone calls made using its voice broadcasting service.

*2. CallFire's Use of Voice Broadcasting for Telemarketing*

27. Through its voice broadcasting services, CallFire has initiated or substantially assisted others in initiating telephone calls that deliver prerecorded messages to induce the purchase of goods or services by consumers. When it does so, CallFire provides substantial assistance or support to others that are "telemarketers" under the TSR. 16 C.F.R. § 310.2(cc).

28. For example, CallFire initiated or substantially assisted others in initiating telephone calls to deliver prerecorded messages promoting the sale to consumers of insurance for individuals, debt consolidation and mortgage services. CallFire's services have been used or resold by clients who allegedly have unlawfully delivered voice broadcasting messages in violation of the TSR. See, e.g. United States v. JGRD, Inc., also d/b/a VoiceBlaze.com, et al. (E.D. Pa.. 2012, Case No. 3:12-CV-00105); United States v. Nelson Gamble & Associates, LLC, et al. (C.D. Cal 2012, Case No. SACV12-1504 JST (JPRx).

29. CallFire knows that its services are used to deliver prerecorded messages to induce the purchase of goods or services by consumers. Indeed, in marketing its voice broadcasting services, CallFire has encouraged the use of such prerecorded messages. CallFire has

specifically advertised voice broadcasting services as a means to market and generate leads for mortgage modification services and other telemarketing businesses. In connection with that advertising, CallFire has distributed sample prerecorded messages illustrating the use of voice broadcasting services to promote the purchase of mortgage modification services and chiropractic services.

30. CallFire has access to the prerecorded messages delivered by its voice broadcasting services, and has listened to the contents of some of these prerecorded messages.

31. CallFire does not regularly inquire into whether clients using its voice broadcasting services are delivering prerecorded messages designed to induce the purchase of goods or services by consumers.

32. In providing voice broadcasting services, CallFire does not effectively prevent the delivery of prerecorded messages that are prohibited by the TSR, or prevent clients that are using such services for telemarketing from violating the TSR, even when CallFire knows or has consciously avoided knowing that its clients are delivering such messages. Clients that authorize CallFire to broadcast such messages are given the same contracts and service as other CallFire clients.

33. CallFire does not require that clients using its voice broadcasting services to make outbound telephone calls to consumers demonstrate that they have registered to obtain access to the National Do Not Call Registry, have excluded numbers on the Registry from lists of numbers to be called, or are using CallFire's services solely for telephone calls that are exempt from compliance with the Registry.

34. CallFire has provided voice broadcasting services for telemarketing campaigns that it knew or consciously avoided knowing were illegally making calls to persons whose numbers were listed on the Registry at the time the calls were made.

35. Since at least 2009, CallFire has, through its voice broadcasting services, initiated or substantially assisted others in initiating outbound telephone calls that deliver prerecorded messages throughout the United States to induce purchases of goods or services by consumers as

part of plans, programs, or campaigns conducted by use of one or more telephones and which involved more than one interstate telephone call. In doing so, CallFire has initiated or substantially assisted others in initiating millions of outbound telephone calls that violate the TSR by, among other things:

    a. initiating outbound telephone calls to telephone numbers on the National Do Not Call Registry; and

    b. delivering prerecorded messages to persons, answering machines, and voice mail systems on or after September 1, 2009, when amendments to the TSR prohibited the delivery of such prerecorded messages.

36. CallFire knew or consciously avoiding knowing that the prerecorded messages described in Paragraph 35 were made to induce the purchase of goods and services by consumers, and that the telephone calls and prerecorded messages did not comply with the TSR.

## VIOLATIONS OF THE TELEMARKETING SALES RULE

### Count I

*Assisting and Facilitating Abusive Telemarketing Acts or Practices*

37. In numerous instances, Defendant has provided substantial assistance or support to sellers or telemarketers whom Defendant knew or consciously avoided knowing were engaged in the following violations of the TSR:

    a. engaging in or causing others to engage in initiating an outbound telephone call to a person's telephone number on the National Do Not Call Registry, in violation of the TSR, 16 C.F.R. § 310.4(b)(1)(iii)(B); and

    b. on or after September 1, 2009, initiating outbound telephone calls that delivered prerecorded messages to induce the purchase of goods or services in violation of the TSR, 16 C.F.R. § 310.4(b)(1)(v).

38. Defendant's substantial assistance or support as alleged in Paragraph 37 above violates the TSR, 16 C.F.R. § 310.3(b).

**CONSUMER INJURY**

39. Consumers in the United States have suffered and will suffer injury as a result of Defendant's violations of the TSR. Absent injunctive relief by this Court, Defendant is likely to continue to injure consumers and harm the public interest.

**THIS COURT'S POWER TO GRANT RELIEF**

40. Defendant has violated the TSR as described above with knowledge or knowledge fairly implied on the basis of objective circumstances that such act is unfair or deceptive and is prohibited by the Rule, as set forth in Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

41. Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), as modified by Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended, and as implemented by 16 C.F.R. § 1.98(d), authorizes this Court to award monetary civil penalties of up to $11,000 for each violation of the TSR on or before February 9, 2009, see 16 C.F.R. § 1.98(d) (2009), and up to $16,000 for each violation of the TSR after February 9, 2009. 74 Fed. Reg. 857 (Jan. 9, 2009).

42. Defendant's violations of the TSR were committed with the knowledge required by Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

43. This Court, in the exercise of its equitable jurisdiction, may award ancillary relief to remedy injury caused by Defendant's violations of the TSR and the FTC Act.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court, as authorized by Sections 5(a), 5(m)(1)(A), and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and pursuant to its own equitable powers:

A. Award Plaintiff such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief, including but not limited to temporary and permanent injunctions;

B. Enter judgment against Defendant and in favor of Plaintiff for each violation alleged in this complaint;

C. Award Plaintiff monetary civil penalties from Defendant for every violation of the TSR;

D. Enter a permanent injunction to prevent future violations of the TSR and the FTC Act by Defendant;

E. Order Defendant to pay the costs of this action; and

F. Award Plaintiff such other and additional relief as the Court may determine to be just and proper.

Dated: 5/9/13

Respectfully submitted,

OF COUNSEL:

JEFFREY KLURFELD
Director, Western Region
FEDERAL TRADE COMMISSION

Kenneth H. Abbe
David M. Newman
Attorneys
Federal Trade Commission
901 Market St., Ste. 570
San Francisco, CA 94103
PHONE: 415-848-5100
FAX: 415-848-5184
kabbe@ftc.gov
dnewman@ftc.gov

FOR THE UNITED STATES OF AMERICA
STUART DELERY
Acting Assistant Attorney General
Civil Division
U.S. DEPARTMENT OF JUSTICE

MICHAEL S. BLUME
Director
Consumer Protection Branch

RICHARD GOLDBERG
Assistant Director
Consumer Protection Branch
U.S. Department of Justice
450 Fifth Street, NW, 6th Floor South
Washington, D.C. 20001
PHONE: 202-307-2532
FAX: 202-514-8742
Richard.Goldberg@usdoj.gov